**Eugene J. McCARTHY et al.,
Plaintiffs-Appellees,**

v.

**The Honorable Reubin O'D ASKEW, Governor, et al., Defendants-Appellants.**

**No. 76–3593
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir; 1970, 431 F.2d 409, Part I.

Robert L. Shevin, Atty. Gen., Dept. of Legal Affairs, James D. Whisenand, Deputy Atty. Gen., Michael M. Parrish, Asst. Atty. Gen., Tallahassee, ·Fla., for defendants-appellants.

Terry L. DeMeo, American Civil Liberties Union, Miami, Fla., for plaintiffs-appellees.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

We affirm the district court order that the name of Eugene J. McCarthy be placed on the Florida ballot as an independent candidate for the presidency. We find no material difference between this case and *McCarthy v. Briscoe,* —— U.S. ——, 97 S.Ct. 10, 50 L.Ed.2d 49 (1976) (Powell, J., in chambers), where Mr. Justice Powell, reversing in part a holding of this court in another case and approving the district court opinion in the instant case, stated:

> [T]he Texas Legislature provided no means by which an independent presidential candidate might demonstrate substantial voter support. Given this legislative default, the courts were free to determine on the existing record whether it would be appropriate to order Senator McCarthy's name added to the general election ballot as a remedy for what the District Court properly characterized as an "incomprehensible policy" violative of constitutional rights. This is a course that has been followed before both in this Court, see *Williams v. Rhodes,* 89 S.Ct. 1, 21 L.Ed.2d 69. (Opinion of Stewart, J., in-Chambers, 1968), and, more recently, in three District Court decisions involving

Senator McCarthy, *McCarthy v. Noel,* 420 F.Supp. 799 (D.C.R.I.1976); *McCarthy v. Tribbitt,* 421 F.Supp. 1193 (D.C. Del.1976); *McCarthy v. Askew,* 420 F. Supp. 775 (D.C.Fla.1976).

> In determining whether to order a candidate's name added to the ballot as a remedy for a State's denial of access, a court should be sensitive to the State's legitimate interest in preventing "laundry list" ballots that "discourage voter participation and confuse and frustrate those who do participate." *Lubin v. Panish* [415 U.S. 709, 715, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974)]. But where a state forecloses independent candidacy in presidential elections by affording no means for a candidate to demonstrate community support, as Texas has done here, a court may properly look to available evidence or to matters subject to judicial notice to determine whether there is reason to assume the requisite community support. See *McCarthy v. Askew, supra,* Memorandum Opinion, at 779.

> It is not seriously contested that Senator McCarthy is a nationally known figure; that he served two terms in the United States Senate and five in the United States House of Representatives; that he was an active candidate for the Democratic nomination for President in 1968, winning a substantial percentage of the votes cast in the primary elections; and that he has succeeded this year in qualifying for position on the general election ballot in many States. The defendants have made no showing that support for Senator McCarthy is less substantial in Texas than elsewhere.

> For the reasons stated, I have ordered that the application be granted and that the Secretary of State place the name of Eugene J. McCarthy on the November 1976 general election ballot in Texas as an independent candidate for the office of President of the United States.

—— U.S. at —— – ——, 97 S.Ct. at 13–14 (footnote omitted).

AFFIRMED.